UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| SHUNTAY ANTONIO BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 16-1771 (ABJ) |
| | ) | |
| DISTRICT OF COLUMBIA | ) | |
| HOUSING AUTHORITY *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION**

In August 2016, plaintiff, appearing *pro se*, submitted a document captioned "Plaintiffs' Motion for Permanent Injunction and Declaratory Judgment Pursuant to Texas Department of Housing and Community Affairs v. Inclusive Communities Project, Inc., 576 U.S.___, 2015 WL 2473449 (June 25, 2015)," which was construed as a complaint. *See* Order [Dkt. # 3]. Plaintiff alleges that the District of Columbia Housing Authority ("DCHA") and Quality Housing Group LLC are responsible for unhealthy, unsafe and unsanitary conditions of Section 8 housing in the District of Columbia where plaintiff once lived.[1] *See* Compl. Attach. A. Plaintiff claims that such conditions violate the Fair Housing Act, the Americans with Disabilities Act, the Rehabilitation Act of 1973, and various District of Columbia laws. He seeks "a permanent injunction to remedy the health, safety, sanitation, staffing, and treatment issues that cause irreparable deprivations of each tenant's rights" and "a declaratory judgment that Defendants

---

[1] Beginning in early January 2017, orders mailed to plaintiff's Washington, D.C. address were returned to the Clerk's Office as undelivered. Plaintiff's current address of record is in New York, New York.

1

[have] violated and continues to violate tenants' Civil and statutory rights under the Fair Housing Act." Compl. at ECF p. 4.

DCHA has moved to dismiss the complaint on the grounds that plaintiff lacks standing and has failed to state a claim upon which relief can be granted. The court agrees that plaintiff has not established his standing to sue, and "the defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). In addition, since plaintiff is no longer a tenant in the District of Columbia, and cannot pursue the claims of other tenants, this action is moot, which, too, is a jurisdictional defect. *United States v. Philip Morris USA, Inc.*, 566 F.3d 1095, 1135 (D.C. Cir. 2009). So the court will dismiss the case solely on those grounds. For "the rule is strict that once a court determines that it lacks subject matter jurisdiction, it can proceed no further." *Simpkins v. D.C. Gov't*, 108 F.3d 366, 371 (D.C. Cir. 1997).

## LEGAL STANDARD

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). Article III, section 2 of the Constitution permits federal courts to adjudicate only "actual, ongoing controversies." *Honig v. Doe*, 484 U.S. 305, 317 (1988). "This limitation gives rise to the doctrines of standing and mootness." *Foretich v. United States*, 351 F.3d 1198, 1210 (D.C. Cir. 2003).

## I. Article III Standing

To invoke federal jurisdiction, a party must allege an actual case or controversy to overcome the threshold requirement imposed by Article III of the Constitution. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983). "To state a case or controversy under Article III, a plaintiff must establish standing." *Ariz. Christian Sch. Tuition Org. v. Winn*, 536 U.S. 125, ---, 131 S.Ct. 1436, 1442 (2011); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Standing is a necessary predicate to any exercise of federal jurisdiction, and if it is lacking, then the dispute is not a proper case or controversy under Article III, and federal courts do not have subject matter jurisdiction to decide the case. *Dominguez v. UAL Corp.*, 666 F.3d 1359, 1361 (D.C. Cir. 2012). "When there is doubt about a party's constitutional standing, the court must resolve the doubt, *sua sponte* if need be." *Lee's Summit v. Surface Transp. Bd.*, 231 F.3d 39, 41 (D.C. Cir. 2000).

To determine jurisdiction, the court looks to the face of the complaint. *Haase*, 835 F.2d at 908. To comply with the Article III standing requirements, a plaintiff must show that: "(1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81 (2000). Since the elements of standing are "an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 561.

## II. Mootness

A case is moot if "events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future." *Clarke v. United States*, 915 F.2d 699 (D.C. Cir. 1990). "It has long been settled that a federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Sierra Club v. Jackson*, 648 F.3d 848, 852 (D.C. Cir. 2011) (internal quotation marks omitted), quoting *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992).

## ANALYSIS

### I. Section 8 Housing Program

"The Section 8 Housing Choice Voucher Program was created by Congress under Section 8 of the Housing and Urban-Rural Recovery Act of 1983, which amended the United States Housing Act of 1937." *Robinson v. D.C. Hous. Auth.*, 660 F. Supp. 2d 6, 8 (D.D.C. 2009), citing 42 U.S.C. § 1437f (2006). The program provides rental assistance in the form of housing vouchers to low income households. *Lauderhill Hous. Auth. v. Donovan*, 818 F. Supp. 2d 185, 186 (D.D.C. 2011). "The federal government allocates funds to local public housing agencies ["PHAs"] through the United States Department of Housing and Urban Development ("HUD"), and the local public housing agencies enter into housing assistance payment contracts with property owners when the agencies agree to subsidize the rent of eligible families." *Robinson*, 660 F. Supp. 2d at 8. "Because Congress wanted to encourage local decision-making about housing policy, PHAs are entities of state and local governments." *Lauderhill Hous. Auth.*, 660 F. Supp. 2d at 186, citing 42 U.S.C. § 1437a. The DCHA "govern[s] public housing and implement[s] the Housing Act of 1937 in the District, and [is] responsible for providing decent,

safe, and sanitary dwellings, and related facilities, for persons and families of low-and moderate-income in the District." D.C. Code § 6-202(b).

## II. Standing

DCHA contends that plaintiff lacks standing because he is seeking injunctive relief not for any injury he suffered but rather for that suffered by "unnamed tenants." Def.'s Mem. at 3 [Dkt. # 17]. Plaintiff does not dispute DCHA's characterization of the complaint but instead cites *Ashton v. Pierce*, 716 F.2d 56 (D.C. Cir. 1983), for the proposition that he may "sue as Next Friend, and on the behalf of others regarding lead poisoning under HUD regulations pursuant to 42 U.S.C. Sec. 4822 (1976)." Pl.'s Opp'n at 2 [Dkt. # 27]. But the court has already explained that "absent narrow exceptions not apparent here, 'parties may plead and conduct their own cases [in federal court] personally or by [licensed] counsel,' " Sept. 1, 2016 Order at 1, quoting 28 U.S.C. § 1654, and plaintiff has not satisfied the demanding requirements to proceed as a next friend. *See* Fed. R. Civ. P. 17 (permitting "an incompetent person who does not have a duly appointed representative [to] sue by a next friend"); *Ali Jaber v. United States*, 155 F. Supp. 3d 70, 75 (D.D.C. 2016) (explaining that a " 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action[;] . . . must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate[;] and . . . must have some significant relationship with the real party in interest," quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)).

## III. Mootness

Even if plaintiff were seeking equitable relief for himself, his relocation to New York renders this suit moot because plaintiff is no longer a tenant in public housing for which DCHA
5

is responsible. And, as a general rule applicable here, "the Declaratory Judgment Act 'is not an independent source of federal jurisdiction' " but only "presupposes the existence of a judicially remediable right." *C&E Servs., Inc. v. D.C. Water & Sewer Auth.*, 310 F.3d 197, 201 (D.C. Cir. 2002), quoting *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). Therefore, a court may dismiss as moot a claim for declaratory relief where, as here, the claim duplicates or is wholly subsumed by another claim that has been dismissed. *See City of Houston, Tex. v. Dep't of Hous. & Urban Dev.*, 24 F.3d 1421, 1429 (D.C. Cir. 1994).

## CONCLUSION

The court concludes that plaintiff lacks standing to sue on behalf of tenants of Section 8 housing in the District of Columbia and that this action is otherwise moot now that plaintiff is no longer a tenant of said housing. Consequently, this case will be dismissed for want of subject matter jurisdiction. A separate order will issue.

/s/ Amy B Jackson
_____
AMY BERMAN JACKSON
United States District Judge

DATE: May 31, 2017